**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| **MIRAGE IP LLC** § § | |
| Plaintiff, § | CIVIL ACTION NO. |
| § | |
| v. § | JURY TRIAL DEMANDED |
| § | |
| **ANGIODYNAMICS, INC.,** § § | |
| Defendant. § | |

**COMPLAINT FOR INFRINGEMENT OF PATENT**

COMES NOW, Plaintiff Mirage IP LLC ("Mirage IP" or Plaintiff), through the undersigned attorneys, and respectfully alleges, states, and prays as follows:

**NATURE OF THE ACTION**

1. This is an action for patent infringement under the Patent Laws of the United States, Title 35 United States Code ("U.S.C.") to prevent and enjoin defendant AngioDynamics Inc., (hereinafter "Defendant") from infringing and profiting, in an illegal and unauthorized manner and without authorization and/or of the consent from Mirage IP, from U.S. Patent No. 6,375,629 (the "'629 patent", attached hereto as Exhibit "A") (the "Patent-in-Suit") pursuant to 35 U.S.C. § 271, and to recover damages, attorney's fees, and costs.

**THE PARTIES**

2. Plaintiff Mirage IP is a Texas entity with its principal place of business at 6800 Weiskopf Ave., Suite 150, McKinney, TX 75070.

3. Upon information and belief, Defendant is a company organized and existing under the laws of the State of Delaware, with a principal place of business at 14 Plaza Dr. Latham, NY 12110-2166. Upon information and belief, Defendant can be served with process at The Corporation Trust Company, Corporation Trust Center 1209 Orange St., Wilmington, DE 19801.

## JURISDICTION AND VENUE

4. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because the action arises under the Patent Laws of the United States, 35 U.S.C. §§ 1 *et seq*.

5. This Court has personal jurisdiction over Defendant by virtue of its systematic and continuous contacts with this jurisdiction, including having the right to transact business in Texas, as well as because of the injury to Mirage IP, and the cause of action Mirage IP has risen, as alleged herein.

6. Defendant is subject to this Court's personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business and purposeful availment of this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this judicial district.

7. Upon information and belief, Defendant, directly and/or through its employees or agents, and/or its customers, makes, uses, sells and/or offers to sell products, as defined below, with the knowledge and/or understanding that such products are used or will be used in this District. For example, the accused products are available in this district through Defendant's

website.[1] Upon information and belief, Defendant has engaged in substantial and not isolated activity within this District. Therefore, exercise of jurisdiction over Defendant will not offend traditional notions of fair play and substantial justice. Such an exercise is consistent with the Texas long-arm statute.

8. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b) because Defendant is subject to personal jurisdiction in this district, has regularly conducted business in this judicial district and certain of the acts complained of herein occurred in this judicial district.

## FACTUAL ALLEGATIONS

### *The '629 patent*

9. On April 23, 2002, the United States Patent and Trademark Office ("USPTO") duly and legally issued the '629 patent, entitled "Core Wire with Shapeable Tip" after a full and fair examination. (Exhibit A).

10. Mirage IP is presently the owner of the patent, having received all right, title and interest in and to the '629 patent from the previous assignee of record. Mirage IP possesses all rights of recovery under the '629 patent, including the exclusive right to recover for past infringement.

11. The '629 patent contains five independent claims and twelve dependent claims.

12. The '629 patent claims, *inter alia*, a core wire having proximal and distal sections comprising means for flexibility in the proximal section; and means for shapeability in the distal section, said shapeability means including a cold-worked tip.

13. Defendant commercializes, *inter alia*, core wires that include each and every element and/or performs each and every step of at least one claim of the '629 patent.

---

[1] http://www.angiodynamics.com/product-price-list/?id=45&list

## DEFENDANT'S PRODUCTS

### *The '629 patent*

14. The accused products include, but are not limited to, the "NIT- VU High-Performance Micro Guidewire" (the "Accused Product"). As shown in Defendant's promotional materials, the Accused Product comprises a core wire having proximal and distal sections.[2]

15. As shown in Defendant's promotional materials, the Accused Product comprises means (e.g. super-elastic nitinol shaft at proximal end of the core wire) for flexibility in the proximal section.[3]

16. As shown in Defendant's promotional materials, the Accused Product comprises means for shapeability in the distal section, said shapeability means including a cold-worked tip (e.g., kink resistant Ni-Ti alloy distal tip of the core wire).[4]

17. The elements described in paragraphs 14-16 are covered by at least claim 17 of the '629 patent.

## INFRINGEMENT OF THE '629 PATENT

18. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1 to 17.

19. In violation of 35 U.S.C. § 271, Defendant is now, and has been directly infringing the '629 patent.

20. Defendant has had knowledge of infringement of the '629 patent at least as of the service of the present complaint.

21. Defendant has directly infringed and continues to directly infringe at least claim 17 of the '629 patent by using, making selling and/or offering to sell the Accused Product

---

[2] http://www.angiodynamics.com/uploads/pdf/070116-104858_ANGB%20122%20GL%20Rev%2001.pdf.
[3] *Id*.
[4] http://www.angiodynamics.com/products/guidewires.

without authority in the United States, and will continue to do so unless enjoined by this Court. For example, Defendant sells, offers to sell and advertises the Accused Product through a website that is available in Texas.[5] As a direct and proximate result of Defendant's direct infringement of the '629 patent, Plaintiff has been and continues to be damaged.

22. By engaging in the conduct described herein, Defendant has injured Mirage IP and is thus liable for infringement of the '629 patent, pursuant to 35 U.S.C. § 271.

23. Defendant has committed these acts of infringement without license or authorization.

24. As a result of Defendant's infringement of the '629 patent, Mirage IP has suffered monetary damages and is entitled to a monetary judgment in an amount adequate to compensate for Defendant's past infringement, together with interests and costs.

25. Mirage IP will continue to suffer damages in the future unless Defendant's infringing activities are enjoined by this Court. As such, Mirage IP is entitled to compensation for any continuing and/or future infringement up until the date that Defendant is finally and permanently enjoined from further infringement.

## DEMAND FOR JURY TRIAL

26. Mirage IP demands a trial by jury of any and all causes of action.

## PRAYER FOR RELIEF

WHEREFORE, Mirage IP prays for the following relief:

1. That Defendant be adjudged to have infringed the Patent-in-Suit directly, literally and/or under the doctrine of equivalents;

---

[5] http://www.angiodynamics.com/product-price-list/?id=45&list

2. That Defendant, its officers, directors, agents, servants, employees, attorneys, affiliates, divisions, branches, parents, and those persons in active concert or participation with any of them, be permanently restrained and enjoined from directly infringing the Patent-in-Suit;

3. An award of damages pursuant to 35 U.S.C. §284 sufficient to compensate Mirage IP for the Defendant's past infringement and any continuing or future infringement up until the date that Defendant is finally and permanently enjoined from further infringement, including compensatory damages;

4. An assessment of pre-judgment and post-judgment interest and costs against Defendant, together with an award of such interest and costs, in accordance with 35 U.S.C. §284;

5. That Defendant be directed to pay enhanced damages, including Mirage IP's attorneys' fees incurred in connection with this lawsuit pursuant to 35 U.S.C. §285; and

6. That Mirage IP have such other and further relief as this Court may deem just and proper.

Dated: May 2, 2017

Respectfully Submitted,

By: */s/Eugenio J. Torres-Oyola*
Eugenio J. Torres-Oyola
USDC No. 215505
**Ferraiuoli LLC**
221 Plaza, 5th Floor
221 Ponce de León Avenue
San Juan, PR 00917
Telephone: (787) 766-7000
Facsimile: (787) 766-7001
Email: etorres@ferraiuoli.com


Jean G. Vidal Font
USDC No. 227811
Ferraiuoli LLC
221 Plaza, 5th Floor
221 Ponce de León Avenue
San Juan, PR 00917
Telephone: (787) 766-7000
Facsimile: (787) 766-7001
Email: jvidal@ferraiuoli.com

**ATTORNEYS FOR PLAINTIFF
MIRAGE IP LLC**